The opinion of the Court was afterward drawn up by
Parker C. J.
We are not able to find any legal grounds on which the replication to the plea in bar can be supported.
The plea itself shows sufficient cause to prevent execution against the goods or estate of the intestate in the hands of the administrator, though judgment is to be entered for the plaintiff, the cause of action being admitted by the plea. But that judgment is to be laid before the commissioners on the insolvent estate and by them received as conclusive evidence of the debt, and the amount is to be placed on the list of claims to be reported to the judge of probate..
The replication states, that on the original writ, in the lifetime of the intestate, an attachment was made of real estate of which he was then seised, but which he afterwards, while living, conveyed for a valuable consideration to one Todd. The object of the judgment and execution sought, is to levy upon the estate so attached.
The 2d section of St. 1783, c. 59, provides for the continuance in force of an attachment after the death of the defendant, in an action, which had been commenced against him in his lifetime, pending at the time of his death ; but the proviso to the section is, that where any estate, attached as aforesaid, shall by the executor or administrator be represented insolvent, *248 and a commission of insolvency shall thereupon issue ; in all such cases, attachments made as aforesaid shall have no force or efficacy after the death of the original defendant in the action.1
The intent of the legislature in this proviso, and in all other enactments on the same subject, was undoubtedly to secure an equal distribution of the estate and effects of an insolvent intestate among all the creditors. By the expression, “ where any estate attached as aforesaid,” they intended not where any particular piece of land, or any particular chattel, which may be attached, but where the estate of the intestate generally, shall be represented insolvent, all attachments shall be vacated.
The land was the estate of the intestate when attached, and though it ceased to be his before his death, yet it can no otherwise be held on the attachment, or levied upon, than as his estate, having reference to the time of the • attachment, and so it comes within the terms of the proviso. It is true, that a levy upon this land would not affect the quantum of estate to be distributed, except favorably to the creditors by satisfying this debt and saving so much from the general fund ; but if execution goes generally against the goods and estate of the intestate, it may be levied on other estate of the intestate, and we do not find any authority to restrain the execution to any particular portion of the estate, or to that which was attached.
There are other difficulties. If execution should issue, it must go against the goods or estate of the intestate in the hands of the administrator. Can a levy take place upon land of which the intestate did not die seised, and in which therefore the administrator had no concern ?
It is not like the case of a fraudulent conveyance made by the intestate, for in such case he is supposed by the law to die seised for the benefit of his creditors. This intestate had lawful right to convey, and his grantee a lawful right to purchase, notwithstanding the attachment; so by his deed his seisin was absolutely transferred.

 See Revised Stat. c. 90, § 105, where it is enacted, that all attachments shall be dissolved by the death of the debtor provided that administration of his estate shall be granted in this State, within one year after his decease, or that application for such administration shall be made within the said year and that administration shall be afterwards granted upon such application.